## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DANIELLE KINSEY and ERICK KINSEY,**

      **Plaintiffs,**

**v.**                                                   **Case No: 8:25-cv-429-MSS-SPF**

**CAPITAL ONE (US), N.A.;**
**CAPITAL ONE SERVICES, LLC;**
**and POLLACK & ROSEN, P.A.,**

      **Defendants.**

_____

### ORDER

This matter is before the Court on Defendant, Capital One, N.A.'s Amended Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim or, Alternatively, Pursuant to Colorado River Abstention, (Dkt. 10), and Plaintiffs' response in opposition. (Dkt. 45) Also before the Court is Defendant Pollack & Rosen, P.A.'s Motion to Dismiss for Insufficient Service of Process, (Dkt. 50), and Plaintiffs' response in opposition. (Dkt. 56) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' motions.

## I.    BACKGROUND

*Pro se* Plaintiffs Danielle Kinsey and Erick Kinsey brought this action against

Defendants Capital One, N.A. ("Capital One")[1] and Pollack & Rosen, P.A. ("P&R"). (Dkt. 1 at 3) Plaintiffs' Complaint states that Capital One issued a credit card to My Mechanic Tampa LLC, a limited liability company of which Plaintiff Danielle Kinsey was the managing member. My Mechanic Tampa LLC was ultimately unable to survive and closed its doors. At the time of dissolution, My Mechanic Tampa LLC owed Capital One $8,936.15. (Id.)

The Complaint alleges Defendants conspired to extort this $8,936.15 from Plaintiffs for Defendants' own profit. (Id.) Plaintiffs allege Defendants accomplished their conspiracy to extort Plaintiffs through an improper state court action to collect this unpaid credit card debt. Plaintiffs challenge Danielle Kinsey's personal liability with respect to the debt, arguing that Florida LLC laws shield her from liability. Plaintiffs allege that Defendants abused the judicial system, perjured themselves in the court record, and denied Plaintiffs' due process rights by attempting to recover the unpaid debt. (Id.) As a result, Plaintiffs seek $520,000,000 in damages. (Id. at 11) Plaintiffs attached all filings from the state court case as an exhibit to their Complaint. (Dkt. 1-1)

Capital One moves to dismiss the Complaint, arguing that (i) it is a shotgun pleading that fails to comply with the pleading requirements established by Federal Rules of Civil Procedure 8 and 10; (ii) it fails to state a claim for relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"); (iii) it brings claims barred by

---

[1] In its Motion to Dismiss, Capital One, N.A. states that it was "improperly named" as both "Capital One (US), N.A." and "Capital One Services, LLC." (Dkt. 10 at 1)

Florida's litigation privilege; and (iv) it runs afoul of the Colorado River abstention doctrine. (Dkt. 10) P&R, on the other hand, moves to dismiss the Complaint under Rule 12(b)(5) for insufficient service of process. For the reasons explained below, the Court grants both motions.

## II.    DISCUSSION

### a.  Capital One's Motion to Dismiss

Capital One first argues that the Complaint should be dismissed because it is a shotgun pleading. The Court agrees. "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294–95 (11th Cir. 2018). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Even though Plaintiffs are proceeding *pro se* (that is, without a lawyer) they must still comply

with these minimum pleading standards. See, e.g., Archer v. City of Winter Haven, No. 8:16-CV-3067-T-36AAS, 2017 WL 11319170, at *1 (M.D. Fla. Dec. 8, 2017) (dismissing *pro se* complaint as an impermissible shotgun pleading).

The Complaint in this action is a shotgun pleading because it falls into several of the categories described above. The primary issue is that Plaintiffs do not delineate their claims into causes of action with the elements supporting each distinct claim. Due to this failure, Defendants have not been put on notice of the claims asserted against them and the Court cannot determine whether it has jurisdiction. In addition, Plaintiffs' factual allegations are not in separately numbered paragraphs as required by Federal Rule of Civil Procedure 10(b).[2] See Weiland, 792 F.3d at 1325 ("A dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (quotations omitted).

Because the Complaint is a shotgun pleading requiring it to be redrafted, the Court declines to address Capital One's other arguments for dismissal,[3] with one exception. Namely, although it is unclear exactly which causes of action Plaintiffs intend to bring against Defendants, it is clear that Plaintiffs' claims stem directly from

---

[2] The Complaint does include two separately numbered sections, but these sections do not correspond to particular claims for relief. Moreover, the numbering restarts at the beginning of the second section, making it difficult to follow and refer to particular factual allegations.

[3] See, e.g., Shaffer v. Bank of New York Mellon & Shellpoint LLC, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017) ("As the Court has determined that [redrafting] is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").

the state court action. To the extent any amended complaint would seek to challenge or interfere with final or ongoing proceedings in state court, abstention would likely be appropriate.

The Court will afford the Plaintiffs an opportunity to file an Amended Complaint that remedies the deficiencies identified above. If they choose to do so, they must comply with Rules 8 and 10 by separating their claims into separate sections called Counts, identifying facts that support each Count, and including only factual allegations that support each of their claims in the separate Counts, and stating the claims plainly and simply. If they have not properly pleaded a Count, they cannot seek relief on that ground in the prayer for relief.

Finally, the Court encourages Plaintiffs to consult the "Proceeding Without a Lawyer" guidelines on the Court's website, located at https://www.flmd.uscourts.gov/litigants-without-lawyers.

### b. P&R's Motion to Dismiss

P&R moves to dismiss the Complaint for insufficient service of process because Plaintiffs attempted to serve it by mail. Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process. The plaintiff bears the burden of establishing effective service of process. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). "Initially the defendant has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet

the procedural requirements of Fed. R. Civ. P. 4. Once the defendant carries that burden, the burden shifts to the plaintiff to prove a prima facie case of proper service of process." Fru Veg Mktg. v. Vegfruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (internal citations omitted).

Plaintiffs do not assert that they properly served P&R. (Dkt. 56) Instead, Plaintiffs state that they were unaware of the requirements to properly serve P&R, and request that dismissal be without prejudice. Thus, Plaintiffs have failed to meet their burden of establishing proper service of process. As a result, the Complaint is due to be dismissed without prejudice as to P&R pursuant to Rule 12(b)(5). Because the Court is requiring Plaintiffs to re-plead, the Court will permit Plaintiffs an opportunity to properly serve P&R with the amended complaint.

## III.    CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant, Capital One, N.A.'s Amended Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim or, Alternatively, Pursuant to Colorado River Abstention, (Dkt. 10), is **GRANTED**. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs shall have **twenty-one (21) days** from the date of this Order to file an amended complaint that complies with the Federal Rules of Civil Procedure. Failure to timely file an amended

complaint will result in the closure of this action without further notice.

3.  Pollack & Rosen, P.A.'s Motion to Dismiss for Insufficient Service of Process, (Dkt. 50), is **GRANTED**.

4.  Plaintiffs shall accomplish service of process on Pollack & Rosen, P.A. within **thirty (30) days** of filing an amended complaint and file proof of service on the docket. Failure to timely serve Pollack & Rosen, P.A. may result in Pollack & Rosen, P.A.'s dismissal from this action without further notice. Fed. R. Civ. P. 4(m).

**DONE** and **ORDERED** in Tampa, Florida this 5th day of January 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party