**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE KINSEY and ERICK KINSEY,**

**Plaintiffs,**

**v.** **Case No: 8:25-cv-429-MSS-SPF**

**CAPITAL ONE (US), N.A.; CAPITAL ONE SERVICES, LLC; and POLLACK & ROSEN, P.A.,**

**Defendants.**

---

**ORDER**

This matter is before the Court on Defendant, Capital One, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim, (Dkt. 79), Defendant Pollack & Rosen, P.A.'s Unopposed Motion to Join Defendant Capital One, N.A.'s Motion to Dismiss Amended Complaint, (Dkt. 81), and Plaintiffs' response in opposition to the motion to dismiss. (Dkt. 85) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' motions.

## I. BACKGROUND

*Pro se* Plaintiffs Danielle Kinsey and Erick Kinsey brought this action against Defendants Capital One, N.A. ("Capital One")[1] and Pollack & Rosen, P.A. ("P&R").

---

[1] In its Motion to Dismiss, Capital One, N.A. states that it was "improperly named" as both "Capital One (US), N.A." and "Capital One Services, LLC." (Dkt. 79 at 1)

(Dkt. 1 at 3) Plaintiffs' initial Complaint, (Dkt. 1), alleged that Capital One issued a credit card to My Mechanic Tampa LLC, a limited liability company of which Plaintiff Danielle Kinsey was the managing member. My Mechanic Tampa LLC was ultimately unable to survive and closed its doors. At the time of dissolution, My Mechanic Tampa LLC owed Capital One $8,936.15. (Id.)

The initial Complaint alleged Defendants conspired to extort this $8,936.15 from Plaintiffs for Defendants' own profit. (Id.) Plaintiffs alleged Defendants accomplished their conspiracy to extort Plaintiffs through an improper state court action to collect this unpaid credit card debt. Plaintiffs challenged Danielle Kinsey's personal liability with respect to the debt, arguing that Florida LLC laws shield her from liability. Plaintiffs alleged that Defendants abused the judicial system, perjured themselves in the court record, and denied Plaintiffs' due process rights by attempting to recover the unpaid debt. (Id.) As a result, Plaintiffs seek $520,000,000 in damages. (Id. at 11) Plaintiffs attached all filings from the state court case as an exhibit to their initial Complaint. (Dkt. 1-1)

Capital One moved to dismiss the Complaint, arguing that (i) it was a shotgun pleading that failed to comply with the pleading requirements established by Federal Rules of Civil Procedure 8 and 10; (ii) it failed to state a claim for relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"); (iii) it brought claims barred by Florida's litigation privilege; and (iv) it ran afoul of the Colorado River abstention

doctrine.[2] (Dkt. 10) P&R, on the other hand, moved to dismiss the Complaint under Rule 12(b)(5) for insufficient service of process.

On January 5, 2026, the Court entered an Order granting Defendants' motions to dismiss. The Court agreed that the Complaint was a shotgun pleading, explaining that the "primary issue is that Plaintiffs do not delineate their claims into causes of action with the elements supporting each claim" and that due to this failure, "Defendants have not been put on notice of the claims asserted against them and the Court cannot determine whether it has jurisdiction." (Dkt. 69 at 4) Because the Court dismissed the complaint as a shotgun pleading, it declined to address Capital One's other arguments for dismissal, with one exception. In particular, the Court advised Plaintiffs that, to the extent any amended complaint would seek to challenge or interfere with final or ongoing proceedings in state court, abstention would likely be appropriate. (Id. at 5) The Court provided Plaintiffs twenty-one (21) days to file an amended complaint.

On January 20, 2026, Plaintiffs timely filed their Amended Complaint. (Dkt. 70) The Amended Complaint purports to bring nine claims against Defendants: (1) Violation of 18 U.S.C. § 892; (2) Violation of 16 C.F.R. § 238; (3) Violation of 18 U.S.C. § 894; (4) Violation of 18 U.S.C. § 1951; (5) Violation of 18 U.S.C. § 875; (6) Violation of 18 U.S.C. § 876; (7) Violation of 42 U.S.C. § 1985; (8) Violation of 18

---

[2] Defendant P&R moved to dismiss the initial Complaint pursuant to Rule 12(b)(5) for insufficient service of process. The Court granted the Motion on those grounds but allowed Plaintiffs to accomplish service of process. Plaintiffs have since properly served P&R. (Dkt. 75)

U.S.C. § 241; and (9) Violation of 18 U.S.C. § 242. While Plaintiff's Amended Complaint addresses some of the deficiencies identified by the Court—namely, it now includes causes action and numbered paragraphs—Plaintiffs have removed nearly all factual allegations from the pleading, resulting in an Amended Complaint consisting primarily of unsupported legal conclusions.

Capital One now moves to dismiss the Amended Complaint, arguing the complaint should be dismissed because it is devoid of factual allegations and the statutes cited by Plaintiffs do not provide private rights of action. (Dkt. 79) P&R moves to join Capital One's motion to dismiss, asserting that the arguments apply equally to it. (Dkt. 81) For the reasons explained below, the Court grants both motions.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d

1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III. DISCUSSION

### a. Failure to State a Claim

Defendants first argue that the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted because it fails to allege a sufficient factual basis to support any of the claims asserted therein. In response, Plaintiffs summarize the exhibits attached to their Amended Complaint and cite to those exhibits as evidence in support of their claims.

The Court construes this as an argument that the Amended Complaint is a shotgun pleading. "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294–95 (11th Cir. 2018). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (i) "a complaint containing multiple counts

where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Even though Plaintiffs are proceeding *pro se* (that is, without a lawyer) they must still comply with these minimum pleading standards. See, e.g., Archer v. City of Winter Haven, No. 8:16-CV-3067-T-36AAS, 2017 WL 11319170, at *1 (M.D. Fla. Dec. 8, 2017) (dismissing *pro se* complaint as an impermissible shotgun pleading).

Like the initial complaint, the Amended Complaint in this action is a shotgun pleading. The Court's prior Order dismissing the Complaint explained that the primary issue with the initial Complaint was that Plaintiffs did not delineate their claims into causes of action with the elements supporting each distinct claim. While the Amended Complaint now lists nine counts in separate numbered paragraphs, those nine paragraphs consist primarily of legal conclusions and now comprise the majority of the Amended Complaint. Indeed, the Amended Complaint contains almost no factual allegations. Due to this failure, Defendants have not been put on notice of the factual basis for the claims asserted against them. Thus, Plaintiffs' Amended Complaint is due to be dismissed.

**b. No Private Right of Action – Criminal Statutes**

Defendants also specifically move to dismiss Counts I, III–VI, VIII, and IX of the Amended Complaint because Plaintiffs purport to bring these counts pursuant to criminal statutes that have no private right of action. As set forth above, the Amended Complaint purports to bring nine claims against Defendants: (1) Violation of 18 U.S.C. § 892; (2) Violation of 16 C.F.R. § 238; (3) Violation of 18 U.S.C. § 894; (4) Violation of 18 U.S.C. § 1951; (5) Violation of 18 U.S.C. § 875; (6) Violation of 18 U.S.C. § 876; (7) Violation of 42 U.S.C. § 1985; (8) Violation of 18 U.S.C. § 241; and (9) Violation of 18 U.S.C. § 242.

Defendants are correct that Counts I, III–VI, VIII, and IX allege violations of criminal statutes for which no private right of action exists. As a result, Plaintiffs cannot bring a civil claim alleging violations of these statutes. See Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960) ("The sections [241 and 242] of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies.");[3] Griggs v. Carrington Mortg. Servs., LLC, No. 1:24-cv-3459-MLB-JSA, 2026 WL 790896, at *6 (N.D. Ga. Jan. 28, 2026) (dismissing the plaintiff's 18 U.S.C. § 892 claim because "any claim brought under Title 18 is not cognizable, as Title 18, which arises under the federal criminal code, does not create civil liability or a private right of action, and private parties may not maintain suits under most Title 18

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

provisions"); Johnson v. McCalla, Raymer, Liebert & Pierce, LLC, No. 1:22-cv-2842, 2022 WL 17493717, at *5 (N.D. Ga. Oct. 17, 2022) (dismissing as frivolous claim brought pursuant to 18 U.S.C. § 894 because it is a criminal statute that does not provide a private right of action), report and recommendation adopted, 2022 WL 18780967 (Nov. 23, 2022); Bey v. Re/max, No. 8:23-cv-2768-TPB-TGW, 2023 WL 8778617, at *1 n.1 (M.D. Fla. Dec. 19, 2023) (stating that the plaintiff had no private right of action under 18 U.S.C. § 1951); Faller v. Beasley Broad. Grp., Inc., No. 2:24-cv-606-SPC-KCD, 2024 WL 4651863, at *5 (M.D. Fla. Nov. 1, 2024) (dismissing claim brought pursuant to 18 U.S.C. § 875 because it is a criminal statute with no private right of action); Knight v. City of Winter Park, No. 6:25-cv-245-CEM-LHP, 2025 WL 2099489, at *3 (M.D. Fla. June 30, 2025) (recommending dismissal of claim brought pursuant to 18 U.S.C. § 876 because it is a criminal statute that does not provide a private right of action), report and recommendation adopted, 2025 WL 2097302 (July 25, 2025).

Moreover, Plaintiffs lack standing to impose criminal liability upon Defendants pursuant to the criminal statutes upon which they rely. See Williams v. St. Vincent Hosp., 258 F. App'x 293, 295 (11th Cir. 2007) ("Williams has no standing to invoke § 1113 because it is a criminal statute . . . .");[4] Otero v. U.S. Att'y Gen., 832 F.2d 141, 141

[4] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Eleventh Circuit is considered well-reasoned and is offered as persuasive, not binding.

(11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (citation omitted); see also Diamond v. Charles, 476 U.S. 54, 65 (1986) (private citizens cannot compel enforcement of criminal law).

Despite the foregoing authority, Plaintiffs challenge Defendants' conclusion and argue that "Common Intentional Tort law does allow for civil action against parties who have intentionally committed crimes against individuals" and that "Tort law also allows for civil suits for Malicious Prosecution." (Dkt. 85 at 3–4) These arguments are unavailing, as the Amended Complaint alleges neither a viable intentional tort claim nor a claim for malicious prosecution. Instead, the counts each state that they are brought pursuant to these criminal statutes. As a result, Counts Counts I, III–VI, VIII, and IX are dismissed.

**c. No Private Right of Action – Count II**

Defendants also move to dismiss Count II of the Amended Complaint on the basis that no private right of action exists for a violation of Part 238 of Title 16 of the Code of Federal Regulations. In Count 2 of the Amended Complaint, Plaintiffs state:

> Count 2: On or around the year 2014 Defendant Capital One US(NA) did solicit business My Mechanic Tampa LLC to receive a business line of credit through Capital One US (NA) Spark Business Visa. The solicitation was accepted on behalf of My Mechanic Tampa LLC by way of managing member Danielle Kinsey. Unbeknownst to Danielle Kinsey, Capital One US(NA) had plans to secure the line of credit using Danielle Kinsey's personal assets, effectively making the performance of the business credit account no different than a personal credit card secured with a co-signer. Violation of : Title 16 C.F.R. section 238. See attached plaintiff exhibits: "A", "D".

(Dkt. 70 at ¶ 3) Part 238 of Title 16 of the Code of Federal Regulations prohibits "bait advertising" and is part of the guidelines implementing the Federal Trade Commission Act ("FTCA"). See 16 C.F.R. § 238.0 ("Bait advertising is an alluring but insincere offer to sell a product or service which the advertiser in truth does not intend or want to sell. Its purpose is to switch consumers from buying the advertised merchandise, in order to sell something else, usually at a higher price or on a basis more advantageous to the advertiser."); 16 C.F.R. § 238.1 ("No advertisement containing an offer to sell a product should be published when the offer is not a bona fide effort to sell the advertised product.").

Defendants argue that Count II must be dismissed because it alleges a claim under the FTCA, which provides no private cause of action for enforcement or a right to civil damages. Plaintiffs do not address this argument in their response to the motion to dismiss. Defendants are correct that no private cause of action exists for this claim. See Price v. EquiFirst Corp., No. 1:08-cv-1860, 2009 WL 917950, at *6 (N.D. Ohio Apr. 1, 2009) ("The FTCA provides no private right of action. . . . As a result, the Plaintiffs have no standing to bring any claims under 16 C.F.R. § 238 or the FTCA and the Court therefore grants [the defendant's] motion to dismiss as it relates to these claims.") (citations omitted); Smith v. JP Morgan Chase, 837 F. App'x 769, 769–70 (11th Cir. 2021) ("A private right of action does not exist under the FTCA, meaning [the plaintiff's] allegation that the bank defendants violated the FTCA is futile because she can bring no action under the FTCA.") (citing Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1174 n.5 (11th Cir. 1985) (explaining that the FDCPA provides a private

right of action, "a right which does not exist under the FTC Act")). Accordingly, Count II is dismissed.

**d. Count VII – Insufficient Factual Allegations**

Count VII of the Amended Complaint alleges that Defendants conspired to oppress Plaintiffs' rights protected by the 5th and 14th Amendments to the U.S. Constitution in violation of 42 U.S.C. § 1985. Defendants argue that Count VII must be dismissed because there are insufficient factual allegations in support of the claim. To state a conspiracy claim under § 1985, a plaintiff must allege "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Childree v. UAP/GA CHEM, Inc., 92 F.3d 1140, 1147 (11th Cir. 1996).

Defendants argue Plaintiffs cannot plead facts in support of the second element, which requires a plaintiff to allege facts showing "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" behind the conspirators' actions. Dean v. Warren, 12 F.4th 1248, 1255 (11th Cir. 2021) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971)). Plaintiffs' Amended Complaint is devoid of any such allegations.

Moreover, because the Defendants are indisputably private actors, Plaintiffs must also allege that the conspiracy is directed at rights that are "constitutionally

protected against private impairment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 274 (1993). The Supreme Court has only expressly declared the right to interstate travel and the right against involuntary servitude to be enforceable against private conspirators under § 1985(3). Id. Because Plaintiffs fail to allege the violations of any rights enforceable against private conspirators, Count VII of the Amended Complaint is due to be dismissed.[5]

For these reasons, Defendants' requests to dismiss the Amended Complaint are **GRANTED**.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Capital One, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim, (Dkt. 79), is **GRANTED**.
2. Defendant Pollack & Rosen, P.A.'s Unopposed Motion to Join Defendant Capital One, N.A.'s Motion to Dismiss Amended Complaint, (Dkt. 81), is **GRANTED**.
3. Plaintiff's Amended Complaint, (Dkt. 70), is **DISMISSED WITH PREJUDICE**.
4. The Clerk is directed to enter **JUDGMENT** in favor of the Defendants, **TERMINATE** any pending motions and deadlines

[5] Defendants also argue Count VII should be dismissed as barred by the statute of limitations and that Counts III through IX of the Amended Complaint should be dismissed pursuant to Florida's litigation privilege. Because the Court is dismissing the Amended Complaint on the grounds addressed in this Order, it need not reach this argument.

and **CLOSE THE CASE**.

**DONE** and **ORDERED** in Tampa, Florida this 6th day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party